JOHN B. RYAN, Plaintiff in Error, *v.* JOHN W. SPALDING, ADOLPHEMIA W. SPALDING, AND CYRUS G. HOYT, Defendants in Error.

*Practice—Trials—Instructions.*—To authorize the giving of instructions there must be evidence upon which they can be predicated.

*Error to St. Louis Circuit Court.*

*Davis & Evans*, for plaintiff in error.

*Cline & Jamison*, for defendants in error.

FAGG, Judge, delivered the opinion of the court.

This was a suit instituted in the St. Louis Circuit Court to recover the amount of three notes and interest alleged to have been executed by the firm of Joseph C. Yates & Co. and payable to the order of plaintiff; also the sum of one hundred and five dollars, paid by plaintiff to the use of said firm. It is alleged that the firm of Yates & Co. really consisted of one John W. Spalding and his wife Adolphemia, the interest of Yates being very small, and in point of fact

transferred before the commencement of the suit to one Hoyt as trustee for Mrs. Spalding, and who was also made a party defendant. The object of the petition seems to have been to charge the separate property of Mrs. Spalding with the payment of these debts. The allegations of the petition were specifically denied, and the cause was tried by the court sitting as a jury.

The plaintiff asked two declarations of law, both based upon the hypothesis that the business of this firm was really carried on with the money of Mrs. Spalding, and that she was liable for the payment of the sum demanded. The court refused to make the declarations asked for, and the plaintiff submitted to a non-suit.

Passing over any other question that might arise upon the case as it is presented here, it is sufficient simply to say that the evidence was not sufficient to authorize the instructions. Previous to the trial the suit was dismissed as to Yates, who was introduced as a witness on the part of the plaintiff. His testimony failed to make out any case upon which the instructions could have been predicated.

The other judges concurring, the judgment will be affirmed.